IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FRED MONTESI'S, INC. d/b/a MONTESI'S SUPERMARKET, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-2957 MaA |
| CENTIMARK CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On April 13, 1999, Fred Montesi's, Inc. ("Montesi") and Centimark Corporation ("Centimark") entered into a contract under which Centimark was to provide a new roof on Montesi's property in Shelby County, Tennessee. (Compl. at ¶ 5.) This suit arises from Centimark's alleged breach of that contract. Before the court is Centimark's motion to dismiss, filed on January 11, 2005. Montesi filed a response on February 9, 2005. Centimark filed a reply on February 17, 2005.

The contract between the parties contains a forum-selection clause which states that "[j]urisdiction and venue of any action or proceeding arising out of or relating to this Sales Agreement shall be vested in the state or federal courts in Washington County, Pennsylvania." (Compl., Ex. A at ¶ 3.) Centimark argues that this forum-selection clause compels dismissal of Montesi's suit for

"lack of proper venue." (Def.'s Mot. at 1.)

Centimark does not state the procedural basis for its motion to dismiss. The court assumes that Centimark's motion is a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue. The Sixth Circuit has stated that:

> a Rule 12(b)(3) motion to dismiss for improper venue is simply the procedural vehicle by which to challenge improper venue; the Rules of Civil Procedure do not contain any venue provisions or requirements. The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue.

Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002). Consequently, if venue is proper under some federal statute, a suit cannot be dismissed for improper venue under Rule 12(b)(3), irrespective of the presence of a valid forum-selection clause.[1] Id. The Kerobo court's holding was based on the conclusion that "whether a forum-selection clause should be enforced is a matter of contract, not an issue of proper venue." Id. at 535.

Montesi is a Tennessee corporation with its principal office in Memphis, Tennessee. (Compl. at ¶ 1.) Centimark is a Pennsylvania Corporation with its principal office in Canonburg, Pennsylvania. (Id. at ¶ 2.) Montesi seeks $175,000. (Id.) This court, therefore, has diversity jurisdiction under 28 U.S.C. § 1332(a). Venue in diversity cases is governed by 28 U.S.C. § 1391 and exists in "any

---

[1] The Sixth Circuit's analysis in Kerobo may not apply to situations where a forum-selection clause establishes that venue is only proper in a foreign jurisdiction or establishes that venue is improper in federal court. See, e.g., Navickas v. Aircenter, Inc., No. 1:02-CV-363, 2003 WL 21212747, at *2 (E.D. Tenn. 2003); Heinz v. Grand Circle Travel, 329 F.Supp.2d 896, 900 (W.D. Ky. 2004).

2

forum with a substantial connection to plaintiff's claim." <u>First of Mich. Corp. v. Bramlet</u>, 141 F.3d 260, 263 (6th Cir. 1998); <u>see also</u> 28 U.S.C. § 1391(a)(2). Because the contract was to be performed in Shelby County, Tennessee, venue is proper under 28 U.S.C. § 1391 and dismissal under Rule 12(b)(3) would be improper. <u>See</u> <u>Kerobo</u>, 285 F.3d at 538.

According to the <u>Kerobo</u> court, a forum-selection clause may be enforced by filing a motion to transfer venue under 28 U.S.C. § 1404(a). <u>Id.</u> at 539. In deciding whether to grant a motion to transfer:

> "[t]he district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading the interest of justice. A forum-selection clause in a contract is one of the factors to consider in this calculus. Such a clause should receive neither dispositive consideration nor no consideration but rather the consideration for which Congress provided in § 1404(a).

<u>Kerobo</u>, 285 F.3d at 537-38 (internal quotes and citations omitted). Although the parties' have addressed the interpretation and validity of the contract's forum-selection clause, the parties have not addressed in detail the other factors that may be relevant to a motion to transfer venue in this case. Therefore, the court declines to transform <u>sua sponte</u> Centimark's motion to dismiss into a motion to transfer under § 1404(a).[2]

---

[2] Should Centimark choose to file a motion to transfer venue within 30 days of the date of this order, to the extent that the court has the discretion to do so, the court will consider the new motion to have been filed on January 11, 2005, when Centimark's motion to dismiss was filed.

For the foregoing reasons, the court DENIES Defendant's motion to dismiss.

It is so ordered this 24th day of June 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:04-CV-02957 was distributed by fax, mail, or direct printing on June 28, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Todd B. Murrah
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Walter E. Schuler
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Honorable Samuel Mays
US DISTRICT COURT